# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| JACKIE L. STALEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:17-CV-326** |
| | § | |
| JUAN ORTEGA BARNETT, M.D. *et al.*, | § | |
| | § | |
| Defendants. | § | |



## DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Defendants Juan Ortega Barnett, M.D. ("Dr. Ortega"), Daniel Williams Branch, M.D. ("Dr. Branch"), and Achal Partsotam Patel, M.D. ("Dr. Patel") (collectively, "Defendants"), file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

### STATEMENT OF THE CASE

Plaintiff Jackie L. Staley (TDCJ #1886483) ("Plaintiff" or "Mr. Staley") is an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He filed his Original Complaint on October 27, 2017. (Dkt. 1). In its Order to Answer, the Court noted that Plaintiff sued Defendants, alleging that Defendants partially paralyzed him during a surgical procedure on

October 13, 2015, and then refused to communicate with him or treat him further. (Dkt. 9).

On August 7, 2018, the Court dismissed Plaintiff's claim on the basis that he failed to plead plausible facts to support a cognizable claim of cruel and unusual punishment under § 1983. (Dkt. 30 at 9-10). Thereafter, Plaintiff sent a letter to the Court purporting to be an Amended Complaint. (Dkt. 31). The Amended Complaint alleges a claim for medical malpractice—a state law claim.

This Court has determined that Plaintiff does not possess a federal claim. There is no diversity of citizenship between the parties. This Court, therefore, lacks subject matter jurisdiction. As such, Defendants now file this Motion to Dismiss for lack of subject matter jurisdiction.

### STATEMENT OF FACTS[1]

Mr. Staley, a prisoner in the custody of the TDCJ, has filed an Amended Complaint bringing claims of allegedly deficient medical care stemming from complications he developed following surgery on his cervical spine. Drs. Ortega, Branch, and Patel are doctors, and the claims against them are limited to their alleged failure in providing medical care to Mr. Staley. (Dkt. 1). As alleged by Mr. Staley, Drs. Ortega, Branch, and Patel are doctors who were employed by The University of Texas

---

[1]  Although evidence beyond the pleadings may be presented with a Rule 12(b)(1) motion, no facts beyond those pleaded by Plaintiff are necessary for the Court to consider. Defendants do not agree with Mr. Staley's rendition of the facts, which are largely contrary to the medical records, and thus reserve the right to contest the accuracy of these facts should this case proceed beyond this Motion.

Medical Branch at Galveston ("UTMB") at all relevant times while providing advice, counseling, and care to Plaintiff. Therefore, the allegations against Drs. Ortega, Branch, and Patel involve actions taken in the course and scope of their employment at UTMB, a governmental unit of the State of Texas. Moreover, Drs. Ortega, Branch, and Patel are all residents of the State of Texas, as alleged by Plaintiff.

## DISCUSSION

**A. With no federal claim, the Court should decline to exercise jurisdiction over Mr. Staley's state law claim against Defendants because there is no diversity of citizenship.**

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Thus, Mr. Staley bears the burden of proving that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980). Lack of subject matter jurisdiction may be found on the face of the complaint alone. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996).

As a prisoner in the TDCJ, Mr. Staley is a resident of the State of Texas for the purpose of diversity jurisdiction analysis. *Ronald Alexander Leblanc Tr. v. Ransom*, 276 F. Supp. 2d 647, 652–53 (S.D. Tex. 2003). As alleged in Plaintiff's Original Complaint, Defendants are all residents of the State of Texas. Thus, there is no diversity of citizenship that could provide independent subject matter jurisdiction under 28 U.S.C. § 1332. *See id.*

Having dismissed the claim on which its original jurisdiction was based, a federal court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Because no federal question remains, this Court "must exercise its discretion whether to exercise supplemental jurisdiction over [plaintiff's] state law claims." *Bass,* 180 F.3d at 246. "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims" to allow them to proceed in the state courts. *Id.* A district court has broad discretion to dismiss the state law claims. *See Guzzino v. Felterman,* 191 F.3d 588, 594–95 (5th Cir.1999).

This Court has determined that Mr. Staley has not adequately pleaded a claim under § 1983. (Dkt. 30). Thus, there is no federal claim through which the Court can easily exercise supplemental jurisdiction over Mr. Staley's state law claims, and the Court should decline to exercise supplemental jurisdiction.[2] *See Felterman,* 191 F.3d at 594–95.

## CONCLUSION

The foregoing show that the Court should decline to exercise supplemental jurisdiction. As such, Defendants respectfully request that the Court dismiss Mr. Staley's Amended Complaint. (Dkt. 31).

---

[2] If the Court exercises jurisdiction over Plaintiff's state law medical malpractice claim, the Defendants reserve their rights to assert the procedural requirements of Chapter 74 of the Texas Civil Practice & Remedies Code, as well as the protections afforded to them under Chapter 101 of the Texas Civil Practice & Remedies Code.

Respectfully submitted,

DEANS & LYONS, LLP

By:     /s/ Matthew T. McCracken
        Matthew T. McCracken
        Attorney-in-charge
        Texas State Bar No. 13478500
        Southern Dist. ID No. 362498
        1001 Fannin, Suite 1925
        Houston, Texas 77002
        mmccracken@deanslyons.com
        Phone:      (832) 380-2728
        Fax:        (832) 380-2747

ATTORNEY FOR DEFENDANTS

## NOTICE OF ELECTRONIC FILING

I, MATTHEW T. McCRACKEN, do hereby certify that I have electronically submitted for filing a correct copy of the foregoing in accordance with the Electronic Case Files system of the USDC - Southern District of Texas, on September 14, 2018.


/s/ Matthew T. McCracken
MATTHEW T. McCRACKEN

## CERTIFICATE OF SERVICE

I, **MATTHEW T. McCRACKEN**, do hereby certify that a true copy of the foregoing has been served by placing it in the United States Postal Service, postage prepaid, on September 14, 2018 addressed to:

**Jackie Staley,** No. 1886483
TDCJ — Holliday Unit
295 IH 45 North
Huntsville, Texas 77320
*Plaintiff Pro Se*

*/s/ Matthew T. McCracken*
**MATTHEW T. McCRACKEN**