UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JACKIE STALEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0326 |
| | § | |
| JUAN ORTEGA BARNETT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON DISMISSAL

On August 7, 2018, the Court conditionally dismissed all claims brought by the plaintiff, Jackie Staley ("Plaintiff"), but granted Plaintiff's request to amend his Complaint. Plaintiff was permitted, within thirty days of the date of the Memorandum Opinion and Order, to submit "an Amended Complaint, if he can do so in compliance with Federal Rule of Civil Procedure 11(b), that cures the deficiencies in his Complaint." (Dkt. 30 at 15).

On August 17, 2018, Plaintiff filed an Amended Complaint alleging only state law claims for medical negligence and citing the state law legal standard for such claims (Dkt. 31 at 1-2). As explained in the Court's August 7, 2018 Memorandum Opinion and Order, an inmate's dissatisfaction or disagreement with the medical treatment he received, or a claim that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for deliberate indifference in violation of the Eighth Amendment. *See, e.g., Wilson v. Seiter,* 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state

a claim); *Norton v. Dimazana,* 122 F.3d 286, 291-92 (5th Cir. 1997) (holding an inmate's dissatisfaction with the medical treatment he receives does not mean that he suffered deliberate indifference); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation); *Wagner v. Bay City,* 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a . . . failure to act reasonably"). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

In his Amended Complaint, Plaintiff does not state facts to show that any of the Defendants acted with deliberate indifference to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 297. Therefore, to the extent that Plaintiff is asserting federal civil rights claims regarding medical negligence, he does not state a claim for which relief may be granted.

To the extent that Plaintiff asserts state law medical negligence claims against Defendants, he has not alleged or otherwise established that complete diversity of citizenship exists between the parties that would confer upon this federal court jurisdiction over those claims. *See* 28 U.S.C. § 1332. Accordingly, Plaintiff's state law claims, if any, will be dismissed without prejudice for lack of jurisdiction. *See* Fed. R.

Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Therefore, for the reasons set forth above and in the Court's Memorandum Opinion and Order dated August 7, 2018, the Court **ORDERS** as follows:

1. Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE.**

2. Plaintiff's state law medical negligence claims are **DISMISSED WITHOUT PREJUDICE**.

3. All pending motions, if any, are dismissed as **MOOT**.

4. A separate final judgment will issue.

The Clerk will provide a copy of this order to all parties of record.

SIGNED at Galveston, Texas, this 20th day of September, 2018.

                                          *[signature]*
                                          George C. Hanks Jr.
                                          United States District Judge